UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>SANDRA L. THOMPSON, *et al.*,<br><br>    Defendants. | Civil Action No. 23-662 (TSC) |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Mary Owens has sued Sandra L. Thompson in her official capacity as Director of the Federal Housing Finance Agency ("FHFA"), as well as the FHFA itself, under (1) Title VII of the Civil Rights Act of 1964, and (2) the Equal Pay Act. Am. Compl., ECF No. 9. Defendants have moved to dismiss the Title VII claim. *See* Defs.' Partial Mot. to Dismiss, ECF No. 14 ("MTD"). For the reasons set forth below, the court will DENY that motion, but will *sua sponte* dismiss Plaintiff's Equal Pay Act claim.

I.   BACKGROUND

At the pleadings stage, the court assumes the truth of the following allegations from the Amended Complaint. Plaintiff applied for a Policy Analyst position with FHFA on December 19, 2016. Am. Compl. ¶ 10. FHFA offered her a position as Policy Analyst with a grade level of EL-11 and salary of $78,630. *Id.* ¶¶ 11, 14. Plaintiff attempted to negotiate her starting salary but was told she was not allowed to do so. *Id.* ¶ 12. Instead, per a policy in place between 2008 and 2021, FHFA used a new employee's prior salary to determine their grade level and starting salary—offering them "10% more than their previous salary." *Id.* ¶¶ 16, 19. In Plaintiff's case,

"FHFA relied <u>only</u> upon Plaintiff's prior salary" in determining her grade level and salary. *Id.* ¶ 22. Plaintiff accepted the position and began working in February 2017. *Id.* ¶ 13.

Plaintiff alleges that, in general, FHFA's policy "resulted in lower wages for female employees as compared to male employees with substantially similar or identical jobs," and that in her case specifically, it resulted in her being the only Policy Analyst assigned to EL-11 rather than EL-12, even though they performed the same job. *Id.* ¶¶ 18, 21. "Had FHFA relied on other factors in Plaintiff's salary determination, there are no legitimate, non-discriminatory reasons for Plaintiff's pay disparity. Plaintiff's starting salary cannot be justified by differences in her education, experience, training, or ability when compared to male policy analysts." *Id.* ¶ 23. "A male policy analyst . . . hired by FHFA in September 2016 who had less relevant experience than Plaintiff had a salary of $110,000," and a "male with less education and less relevant experience than Plaintiff was hired in November 2017 as a policy analyst at grade level EL-12 . . . , with a starting salary of $92,621." *Id.* ¶¶ 24–25.

Since being hired, "Plaintiff continues to make less than her male colleagues in substantially similar, if not identical, roles" at least in part because "FHFA inconsistently applies its salary-increase policies, approving pay increases for males that it refuses to approve for females, regardless of performance." *Id.* ¶¶ 26, 28; *see also id.* ¶ 33 (noting that pay increases are tied to an employee's base pay, "further perpetuating Plaintiff's pay inequality"). "For example, Plaintiff completed an internship at the White House for which she was given no credit to her years of experience while a male colleague was given credit for a substantially similar internship at the White House." *Id.* ¶ 32. Plaintiff's "salary well below that of her male colleagues" persists despite her being "the highest performing Policy Analyst." *Id.* ¶¶ 36, 38.

Based on these allegations, Plaintiff brings two claims.  Count I asserts that Defendants have discriminated against her based on her sex, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 *et seq*.  Am. Compl. ¶¶ 41–59.  Count II asserts that Defendants have failed to provide equal pay to Plaintiff for work substantially equal to that of her male colleagues, violating the Equal Pay Act, 29 U.S.C. § 206(d).  Am. Compl. ¶¶ 60–72.  Defendants have moved to dismiss the Title VII claim under Federal Rule of Civil Procedure 12(b)(6), but "maintain that the district court has jurisdiction to proceed with Plaintiff's Equal Pay Act claim." MTD at 1.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Courts "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quotation marks and citation omitted).  That said, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  And a court need not accept as true "a legal conclusion couched as a factual allegation," nor "inferences . . . unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quotation marks and citation omitted).

## III.   ANALYSIS

Plaintiff has stated a Title VII claim.  But her Equal Pay Act claim must be dismissed because jurisdiction over that claim rests exclusively with the Court of Federal Claims.

A.  <u>Title VII claim</u>

A plaintiff may plead a claim of discrimination under Title VII by alleging "that (1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination (that is, an inference that his employer took the action because of his membership in the protected class)." *Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014) (quoting *Forkkio v. Powell,* 306 F.3d 1127, 1130 (D.C. Cir. 2002)).  Defendants do not dispute that Plaintiff has met the first two requirements by alleging that she is a woman who has been paid less than her male colleagues.  Instead, they argue that she has failed to plead facts "creat[ing] any inference of gender discrimination under Title VII."  MTD at 5; *see id.* at 3–9.  That argument fails.

"A plaintiff can raise an inference of discrimination by showing 'that she was treated differently from similarly situated employees who are not part of the protected class.'" *Sessoms*, 774 F.3d at 1022 (quoting *George v. Leavitt,* 407 F.3d 405, 412 (D.C. Cir. 2005)).  At the pleadings stage, then, she "must allege some facts to ground a reasonable inference that [she] was in fact similarly situated to comparator employees." *Keith v. U.S. Gov't Accountability Off.*, No. CV 21-2010 (RC), 2022 WL 3715776, at *3 (D.D.C. Aug. 29, 2022).  It is not enough, for instance, to simply plead that a comparator is "a 'co-worker'" without "further allegations of similarity in job duties" or "comparative information about . . . qualifications." *Id.* at *4; *see also Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 103 (D.D.C. 2021) (holding that merely labeling a potential comparator as plaintiff's "counterpart" was "fatally nonspecific" without more information about their job duties or credentials").

Plaintiff has sufficiently pled facts establishing similarly situated comparators.  She alleges the existence of at least two better-paid male colleagues who had the same job title as her, were hired around the same time, and had the same or less relevant education and experience

than her.  Am. Compl. ¶¶ 24–25.  She "identified a similarly-situated employee who is not in her protected class and explained why she has equivalent qualifications," *Sessoms*, 774 F.3d at 1023, which is enough to "raise [her] right to relief above the speculative level," *id.* (quoting *Twombly*, 550 U.S. at 555).  *See, e.g.*, *Dickerson v. Dist. of Columbia*, 315 F. Supp. 3d 446, 454 (D.D.C. 2018) (holding that Black plaintiff stated a Title VII discrimination claim by alleging that "a white woman with less education and experience than [him] was selected to fill his position").  As a result, she has stated a claim of discrimination under Title VII.

Defendants' counterarguments are unavailing.  Their citations to cases requiring "nearly identical" comparators at the summary judgment, trial, or post-trial stage do not alter the pleading standard on a motion to dismiss.  *See* MTD at 5 (quotation omitted).  And they cite no authority for their contention that Plaintiff must plead that her comparators were hired at the exact same time as her, by the exact same decision-maker.  *Id.*  Requiring that level of specificity to establish similar situation would be inconsistent with what courts generally consider to be "a very low bar for alleging an inference of discrimination."  *Azzam v. Dist. of Columbia*, No. 19-CV-3365 (TSC), 2022 WL 4182187, at *6 (D.D.C. Sept. 13, 2022).  Granting Plaintiff "the benefit of all inferences that can be derived," *Sparrow*, 216 F.3d at 1113, from the allegations that male co-workers with the same jobs received higher salaries despite equal or lesser education and experience, she has plausibly pled that her lower salary was discriminatory.  That is enough for her Title VII claim to survive a motion to dismiss.

\*   \*   \*

There is one related matter to address.  Plaintiff's Amended Complaint appears to raise her Title VII claim under a theory of disparate treatment.  *See, e.g.*, Am. Compl. ¶¶ 52 ("FHFA treated Plaintiff differently than her male colleagues"), 58 (referring to "FHFA's disparate

treatment of female employees"), 59 (same).  As noted above, she has adequately stated such a claim.  However, a Title VII discrimination claim may also rely on a "disparate impact theory," which requires "showing that even if the employment practice was not intended to discriminate, it 'in fact [had] a disproportionately adverse effect on minorities.'"  *Menoken v. McGettigan*, 273 F. Supp. 3d 188, 198 (D.D.C. 2017) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)), *aff'd sub nom. Menoken v. Pon*, No. 17-5228, 2018 WL 2383278 (D.C. Cir. May 9, 2018).  In opposing Defendants' Motion, Plaintiff suggests that she may wish to also press her claim under that theory.  Opp'n to Mot. to Dismiss at 5–7, ECF No. 16 ("Opp'n").  "It is well-established in this district that a plaintiff cannot amend his Complaint in an opposition to a defendant's . . . motion to dismiss."  *Petrucelli v. Dep't of Just.*, 453 F. Supp. 3d 126, 135 (D.D.C. 2020) (quoting *Durand v. Dist. of Columbia*, 38 F. Supp. 3d 119, 129 (D.D.C. 2014) (collecting cases)).  Consequently, while Plaintiff's Title VII claim in any event survives Defendant's Motion under a theory of disparate treatment, if Plaintiff seeks to clarify that claim as including a theory of disparate impact, she may move for leave to file an amended complaint.

        To prevail, a theory of disparate impact must "identify[] the specific employment practice that is challenged" and provide "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group."  *Watson v. Fort Worth Bank & Tr.,* 487 U.S. 977, 994 (1988).  But a Plaintiff need not plead every element of the *prima facie* case in order to survive a motion to dismiss.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).  For instance, although a plaintiff "need not present statistical evidence in his complaint, he must be able to present such evidence at some point."  *Jianqing Wu v. Special Couns.*, No. 14-7159, 2015 WL 10761295, at *2 (D.C. Cir. Dec. 22, 2015).  Any proposed amendments to Plaintiff's allegations

would need to satisfy the usual standards to support a theory of disparate impact discrimination under Title VII.

B. **Equal Pay Act claim**

Plaintiff's Equal Pay Act claim, however, must be dismissed for lack of jurisdiction. Although neither party seeks dismissal, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  The D.C. Circuit has long held that the Court of Federal Claims retains exclusive jurisdiction over federal sector claims exceeding $10,000 under the Fair Labor Standards Act ("FLSA")—which includes the Equal Pay Act—because such claims depend on the Little Tucker Act.  *Waters v. Rumsfeld*, 320 F.3d 265, 270–72 (D.C. Cir. 2003).  Where, as here, the Complaint does not "clearly and adequately express" an intent to waive FLSA claims in excess of $10,000, "the Court of Federal Claims has exclusive jurisdiction to adjudicate those claims, and the district court [is] without jurisdiction to rule on their merits."  *Id*. at 272. Accordingly, the court must dismiss Plaintiff's Equal Pay Act claim.

Defendants argue that *Waters* is no longer good law since the Supreme Court's decision in *United States v. Bormes*, 568 U.S. 6 (2012).  MTD at 10–11.  *Bormes* held that because the Fair Credit Reporting Act ("FCRA") created "a detailed remedial scheme, only *its own* text" can waive sovereign immunity, and the plaintiffs could not rely on the Little Tucker Act's waiver to pursue their FCRA claims.  568 U.S. at 15.  Thus, Defendants contend, the Little Tucker Act's jurisdictional limits should not govern district court authority over FLSA claims (including Equal Pay Act claims), either.

Courts in this district, along with the Federal Circuit itself, have unanimously rejected that position.  As the Federal Circuit explained, the *Bormes* decision's

> ruling and its rationale do not extend to [an] FLSA suit. In sharp contrast to the statute at issue in *Bormes*, the FLSA contains no congressional specification of a non-Tucker Act forum for damages suits, or any other basis, from which one can infer that application of the Tucker Act would override choices about suing the government embodied in the remedial scheme of the statute providing the basis for liability. That statute-specific conclusion takes this FLSA case outside the reach of the *Bormes* principle.

*Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014); *see also Johnson v. Lightfoot*, 273 F. Supp. 3d 278, 288 n.5 (D.D.C. 2017) (rejecting Defendants' position); *Adair v. Bureau of Customs & Border Prot.*, 191 F. Supp. 3d 129, 133 (D.D.C. 2016) (same). At the very least, *Bormes* does not so clearly override *Waters* that it removes this court's obligation "to follow controlling circuit precedent until either [the Circuit], sitting *en banc*, or the Supreme Court, overrule[s] it." *Alston v. Bethea*, No. CV 22-3595 (JEB), 2023 WL 4198203, at *3 (D.D.C. June 27, 2023) (quoting *United States v. Torres*, 115 F. 3d 1033, 1036 (D.C. Cir. 1997)); *Adair*, 191 F. Supp. 3d at 133. Accordingly, the court will continue to follow *Waters*.

Plaintiff advances an additional argument against dismissal: that the court should exercise ancillary jurisdiction over her Equal Pay Act claim. Opp'n at 7–8. The doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "Generally speaking," ancillary jurisdiction is asserted for two purposes "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80; *see also Rochon v. Gonzales*, 438 F.3d 1211, 1215 (D.C. Cir. 2006). In Plaintiff's view, "this Court also has ancillary jurisdiction over the EPA claim because Plaintiff's Title VII claim is factually interdependent with her EPA claim." Opp'n at 7.

The court is not persuaded that ancillary jurisdiction over the Equal Pay Act claim is appropriate here. Plaintiff identifies no case in which any court has taken ancillary jurisdiction over an Equal Pay Act claim—or any other claim for which exclusive jurisdiction is vested in another court. Indeed, when courts in this district have encountered similar arguments, they appear to have rejected them. In *Franklin-Mason v. Penn*, the plaintiff argued that the court should "exercise ancillary jurisdiction" over a breach-of-settlement claim "that otherwise [would] fall within the Court of Federal Claims' exclusive jurisdiction." 616 F. Supp. 2d 97, 101 (D.D.C. 2009). The court declined to do so, observing that "nothing in the language of *Kokkonen* indicates that parties can create jurisdiction over a claim for which jurisdiction is expressly reserved for a different body." *Id*. Another court, though it ultimately did not need to resolve the question, likewise expressed "doubt" about "the continued viability of ancillary jurisdiction" over claims belonging to the exclusive jurisdiction of the Court of Federal Claims. *Washington v. Geren*, No. CIVA 08-1502 (JR), 2010 WL 1781619, at *1 n.5 (D.D.C. Apr. 30, 2010), *aff'd,* No. 1:08-CV-01502-JR, 2010 WL 4976510 (D.C. Cir. Dec. 2, 2010). Because jurisdiction over Plaintiff's Equal Pay Act claim rests exclusively with the Court of Federal Claims, the court will not exercise ancillary jurisdiction over it, and the claim will be dismissed.

## IV. CONCLUSION

For these reasons, the court will DENY Defendants' Partial Motion to Dismiss, ECF No. 14.  However, the court will *sua sponte* DISMISS Plaintiff's Equal Pay Act claim.  A corresponding Order will accompany this Memorandum Opinion.

Date: March 28, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge